IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SETH MORGAN,                                          CV 07-1628-MA

        Plaintiff,                                OPINION AND ORDER

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**TIM WILBORN**
19093 S. Beavercreek Road, PMB #314
Oregon City, Oregon  97945
(503)632-1120

   Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**RICHARD A. MORRIS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2156

   Attorneys for Defendant

**MARSH, Judge:**


1- OPINION AND ORDER

The matter before the Court is Plaintiff, Seth Morgan's, Social Security Complaint, seeking judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). 42 U.S.C. §§ 401-33. For the reasons that follow, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

## BACKGROUND

Morgan applied for DIB September 21, 2005 alleging he became disabled December 31, 2003 due to a combination of physical and mental impairments including depression, post-traumatic stress disorder, agent orange exposure, hypertension, anxiety, tendinitis and bilateral hearing loss. Born March 29, 1949, Morgan was 54 years old at the time his disability allegedly began. He had a high school education and past work as an adult foster home caretaker, an auto detailer, a paint foreman, and a maintenance mechanic. Morgan had sufficient quarters of coverage to maintain the disability insured status requirements of Title II of the Social Security Act through September 30, 2004. Accordingly, in order for Morgan to be eligible to receive DIB he had to prove he became disabled on or before September 30, 2004. See 42 U.S.C. § 416(I)(3).

Morgan's application was denied initially and upon reconsideration. Then he requested a hearing, which was held

February 12, 2007 before an Administrative Law Judge (ALJ). At the hearing Morgan was represented by an attorney, and he and his wife both testified. On April 17, 2007 the ALJ issued a written decision finding Morgan not disabled, and on August 27, 2007 the Appeals Council denied review, rendering the ALJ's decision the Commissioner's final decision from which Morgan appeals.

On appeal to this Court Morgan claims the ALJ erred by: (1) improperly evaluating his psychological impairment; (2) applying incorrect legal standards "concerning ability to work"; (3) improperly rejecting clinical mental health evidence; (4) improperly rejecting Morgan's credibility; (5) improperly rejecting lay witness testimony; (6) failing to fully and fairly develop the record; and, (7) finding that Morgan's impairments do not meet the requirements of a listed impairment considered so severe as to automatically constitute a disability. I address these claims in the order they arise under the Commissioner's sequential evaluation.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

3- OPINION AND ORDER

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. The

4- OPINION AND ORDER

claimant bears the burden of proof at steps one through four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found that Morgan had not engaged in substantial gainful activity since his alleged onset of disability. See 20 C.F.R. § 404.1520(b).

At step two the ALJ found that Morgan had "severe" impairments, including post-traumatic stress disorder (PTSD) and bilateral sensorineural hearing loss, that significantly limited his ability to perform basic work activities. See 20 C.F.R. § 404.1504, 404.1520(c).

At step three the ALJ found that Morgan's impairments did not meet or equal the requirements of any listed impairment, codified at 20 C.F.R. Part 404, Subpart P, Appendix 1, considered so severe as to automatically constitute a disability. See 20 C.F.R. § 404.1520(a)(4)(iii).

The ALJ determined that between December 31, 2003 (the alleged disability onset date) and September 30, 2004 (the last day of his insured status for DIB) Morgan had the residual functional capacity (RFC) to perform medium exertion work activity, limited by the need to avoid concentrated exposure to noise, and no more than occasional public contact. See 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

5- OPINION AND ORDER

At step four the ALJ found that Morgan was no longer able to perform his past relevant work. See 20 C.F.R. § 404.1520(a)(4)(iv).

At step five the ALJ found that Morgan could perform other work existing in significant numbers in the national economy, such as mechanical pieces assembler, janitorial cleaner, and hand packager. Accordingly, the ALJ found that Morgan was not disabled during the period under review. See 20 C.F.R. § 404.1520(a)(4)(v), 404.1520(g).

## DISCUSSION

Morgan applied for DIB almost two years after he allegedly became unable to work. He reported that he stopped working in December 2003 because he wanted to kill his boss. However, according to the medical evidence, Morgan was not diagnosed with post-traumatic stress disorder (PTSD) until months after quitting his job, pursuant to his application for Veterans Administration (VA) disability. The medical records show that Morgan began counseling with a Licensed Clinical Social Worker named Vince Morrison in mid-2004, pursuant to his application for VA disability benefits, but prior to his date last insured for DIB purposes (September 30, 2004), Morgan was not undergoing any medical treatment. Thus, Mr. Morrison's opinion is pivotal to Morgan's claims in this case because his records are the only

6- OPINION AND ORDER

evidence Morgan provided in support of his claim that he was disabled during the period under review. See 20 C.F.R. § 404.1512 (claimant's burden to prove he is disabled). Although the evidence does contain records from medical providers, they post-date September 30, 2004. The ALJ opined that many of these records seem to indicate Morgan's condition did deteriorate possibly to the point of disability after his date last insured for DIB. However, the ALJ properly found this evidence was not relevant to the inquiry into whether Morgan proved he was disabled prior to this date.

Mr. Morrison, who as a social worker is not qualified to render a medical opinion under the regulations (20 C.F.R. § 404.1513) wrote a letter in support of Morgan's VA disability application, dated August 27, 2004, which the ALJ found supported his finding that Morgan has been dishonest when he claimed he was not working during the period under review. Morgan contests this finding.

In this letter Mr. Morrison reports Morgan's self-reported need to "leave work in order to not kill his boss." But he states that it is encouraging that Morgan "is able to currently work." According to Morgan, that statement did not mean Morgan was performing substantial gainful activity, but the ALJ took it to mean as much. Actually, the ALJ gave Morgan the benefit of

7- OPINION AND ORDER

the doubt that he was not performing substantial gainful activity after his alleged onset date. However, he took Mr. Morrison's statement to mean that contrary to Morgan's subjective reports, he was still working at the business he and his wife operated in their home. And many of the VA medical records substantiate this finding. For instance, a January 7, 2005 VA note states that Morgan "continues to run his foster-care home and provides all of the routine care to his clients without difficulty and states that this is his release and therapy."

The ALJ rejected Morgan's credibility due to these sorts of inconsistencies between his statements in support of his DIB application and statements made to others. After the hearing in February 2007, Morgan's attorney asked Mr. Morrison to clarify his August 2004 statement that Morgan was "still working." In a letter dated July 17, 2007 Mr. Morrison goes to great lengths to mitigate this statement. He writes that by "working" he did not mean that Morgan was "gainfully employed or, even when 'working' or trying to be task oriented [sic] that he could either finish a task or sustain the emotional strength to initiate another." Significantly, Mr. Morrison goes on to state that Morgan and his wife closed their business in early 2004, after which Morgan "had brief occasions of slight improvement (ex: a typical domestic task not business related), thus the commentary in the referenced

8- OPINION AND ORDER

letter regarding his 'work' around the home." This statement is significant because Morgan and his wife did not close their business until July 31, 2006. It shows that Morgan was less than fully candid with Mr. Morrison, which is reason enough to discredit a lay witness opinion (*Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001)(ALJ must give germane reasons to discredit a lay witness). Nevertheless, the ALJ did not expressly reject Mr. Morrison's opinion. Rather, he found that Mr. Morrison's letters reflected inconsistencies between Morgan's activities of daily living during the period under review as he reported them to the Commissioner, and the activities reflected in contemporaneous records. He therefore rejected Morgan's credibility on this basis, but found Mr. Morrison's assessment to be largely consistent with the residual functional capacity the ALJ assessed for Morgan at that time.

As Morgan points out, in rejecting his credibility the ALJ also concluded that his $2610 monthly VA check was a major disincentive to work. Morgan argues that collection of VA benefits supports a claimant's social security application. While Morgan is correct that the Commissioner must generally give a VA disability rating great weight (*McCartey v. Massanari,* 298 F.3d 1072, 1076 (2002)), in this case the VA found Morgan disabled after his insured status expired for purposes of DIB.

9- OPINION AND ORDER

Thus, the VA's findings were based on medical evidence outside the period under review by the ALJ. However, since Morgan provided this evidence to the ALJ, the ALJ could properly use it to assess Morgan's credibility.

Morgan attempts to shift the blame, and thus the burden, for the dearth of evidence during the period under review onto the Commissioner by claiming he failed to properly execute his duty to develop the record by not ordering a psychological evaluation. He further argues that without this evaluation the evidence was inconclusive as to whether Morgan suffered from a disabling mental impairment. First, I reject Morgan's argument that there was an unresolvable ambiguity in the record. To the contrary, the ALJ was able to make a decision based on the information available, which simply did not support finding Morgan disabled. *See* 20 C.F.R. § 404.1516. Second, it would not have been possible in 2006, when his application was being processed, to travel back in time to assess Morgan's psychological health between December 2003 and September 2004. Thus, any psychological evaluation performed in 2006 or later would not have been probative of disability during the period under review. The burden was Morgan's to prove he suffered from a disabling impairment, yet he did not provide any evidence of a major decompensation requiring psychiatric hospitalization during the

time he claims he almost killed his boss, or any other evaluation from a medical doctor substantiating the degree to which he claims he was mentally impaired. Morgan's failure to seek medical treatment during the period under review does not require the ALJ to order a consultative evaluation. See 20 C.F.R. § 1519a (listing reasons the Commissioner will purchase a consultative examination, such as "when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim.").

Finally, I turn to Morgan's claim that the ALJ erred by finding that Morgan did not meet or equal the criteria under any of the listed Impairments. Morgan contends he met Listed Impairment 12.06 for Anxiety Related Disorders. The ALJ specifically considered this possibility, and found that Morgan's PTSD met the descriptive "A" criteria for listing 12.06, but not the "B" or "C" criteria because there was no medical evidence to support such a conclusion. Morgan does not rebut this conclusion, but argues that Mr. Morrison's lay opinion that Morgan was markedly limited in dealing with others and markedly limited in maintaining concentration and pace should be enough. Again, Mr. Morrison's opinion does not constitute medical evidence and therefore it does not establish a medically determinable impairment of the severity and quality required to

11- OPINION AND ORDER

meet or equal the criteria for any listed impairment.  See 20 C.F.R § 404.1525.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this __11__ day of August, 2008.

*Malcolm F Marsh*
Malcolm F. Marsh
United States District Judge